Filed 10/22/21  P. v. Corona CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EMIGDIO CORONA,<br><br>Defendant and Appellant. | H048048<br>(Santa Clara County<br>Super. Ct. No. C1906539) |

Defendant appeals from a criminal judgment following a no contest plea. Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue for resolution by this court.  Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*Id.* at p. 110.)

Defendant was charged with second degree robbery (Pen. Code, § 212.5, subd. (c); count 1) and assault by means of force likely to produce great bodily harm (Pen. Code, § 245, subd. (a)(4); count 2), both alleged to have occurred in March 2019.  The information alleged a prior strike (Pen. Code, §§ 667, subds. (b)–(i); 1170.12); a prior serious felony as to count 1 (Pen. Code, § 667, subd. (a)); and two prior prison terms

(Pen. Code, § 667.5, subd. (b)).  According to the probation report, the victim was at a flea market when defendant drove near her, approached her on foot with a pipe, yelled at her, took the bag she was carrying, and drove away.  The victim, who was distraught and crying, reported to responding officers that she and defendant were in a dating relationship.  She said that the night before, defendant had dug his fingernails into her cheeks, called her stupid, said he was going to kill her, punched her, and strangled her.  Officers noted red marks on the victim's neck.

Defendant pleaded no contest to count 2 and admitted the prior convictions (robbery in 2010 and inflicting corporal injury in 2013).  The terms of the plea included a maximum sentence of four years.  The trial court denied defendant's motion to dismiss the prior strike, struck the prison priors, and sentenced defendant to a four-year prison term, consisting of the low term of two years for the assault doubled as a result of the strike prior.  The court imposed and suspended a $1,200 restitution fine, and waived all other fines and fees.  Defendant's request to be released with a later surrender date was denied.

The abstract of judgment initially described defendant's conviction as "Assault with deadly weapon LTP GBI," and included the prison prior terms even though they had been stricken.  In March 2021, the trial court issued an amended abstract of judgment in which it described the conviction correctly as assault "by means of force likely to produce GBI" and removed the reference to the prison priors.

## DISPOSITION

The judgment is affirmed.

2

_____

Grover, Acting P.J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


**H048048 -** *The People v. Corona*